UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                )
Santosi Mahat,               )
A 200 998 932              )
                                )
Saroj Kumar Khadka,      )
                                )     **PETITION FOR WRIT OF MANDAMUS**
                                )
                                )     Case No.: 1:25-cv-7377
               Plaintiffs,      )
                                )
v.                                  )
                                )
Kevin Riddle, Chicago Field  )
Office Director at USCIS,     )
Department of Homeland Security;  )
Loren K. Miller, Nebraska Service Center )
Director at USCIS;            )
Ur Mendoza Jaddou, Director of USCIS, )
Department of Homeland Security;  )
Kristi Noem, Secretary,       )
Department of Homeland Security;  )
Pamela Bondi, Attorney General at )
U.S. Department of Justice     )
                                )
&                                )
                                )
Kash Patel,                  )
Director, Federal Bureau of     )
Investigation,                 )
                                )
               Defendants.    )
_____)

1

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
PETITION FOR WRIT OF MANDAMUS**

Plaintiffs, by and through their undersigned attorney, file this Complaint, hereby stating and alleging the following:

### NATURE OF THE ACTION

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. §2201, the Declaratory Judgment Act; 28 U.S.C. §1361, the Mandamus Act; and 5 U.S.C. §555 and §706(1), the Administrative Procedure Act ("APA"). Plaintiffs request issuance of an order to compel Defendants to adjudicate the Form I-130, Petition to Remove Conditions, filed by Plaintiff Saroj Kumar Khadka for the benefit of his spouse, Plaintiff Santosi Mahat, which petition was received and pending as of September 3, 2021. **Exh. A**.

2. The Plaintiffs' immigration petition was filed under 8 U.S.C. § 1154 and (Sec. 204 of the Immigration and Nationality Act ("INA")). Plaintiffs provided all necessary documentation to allow USCIS to adjudicate their immigration petition. They inquired with USCIS and requested to receive an update or a decision on their cases multiple times. **Exh. B-G**. Despite Plaintiffs' several requests, USCIS improperly withheld timely action on the I-130 petition to Plaintiffs' detriment for more than three years.

### PARTIES

3. The Lead Plaintiff, Santosi Mahat, is a national and citizen of Nepal. Plaintiff Saroj Kumar Khadka is the Lead Plaintiff's spouse. Mr. Khadka is a U.S. citizen. Plaintiffs currently reside at 7120 N Sheridan Road, Apt 211, Chicago, IL 60626.

4. The Defendants are (i) The Department of Homeland Security and its component subagencies charged with adjudicating Plaintiffs' I-130 Petition, (ii) Federal Bureau of Investigation (FBI), and (iii) federal officials sued in their official capacities employed by the agencies.

5. USCIS is the Defendant Agency charged with *inter alia* adjudicating I-130 Petition. It has the obligation to adjudicate Plaintiffs' Form I-130. The Chicago Field Office is an office within USCIS responsible for conducting an interview of the Plaintiffs. The Nebraska Service Center is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate the Plaintiffs' I-130.

6. These named USCIS officials have direct control and responsibility over the Plaintiffs' petition. The FBI is named as a party to this action because it has direct control over the security checks relating to the petition. Any named Defendant is sued in his or her official capacity only.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §1331 (the Mandamus Act); 28 U.S.C. §1331 (federal question), and 28 U.S.C. §2201-2202 (the Declaratory Judgment Act). It also has jurisdiction in conjunction with 28 U.S.C. §1346 (United States as a defendant); 28 U.S.C. §1651 (All Writs Act); 5 U.S.C. §551 *et seq*. and §701 *et seq*. (the APA); and Rules 57 (Declaratory Judgments) and 65 (Injunctions) of the Federal Rules of Civil Procedure, permitting declaratory and injunctive actions.

8. <u>Exhaustion of Remedies</u>. Plaintiffs have exhausted all administrative remedies available to them. Defendants have failed to provide any meaningful explanation or justification for their failure to adjudicate the Plaintiffs' I-130 around three and half years from the receipt of the petition on September 3, 2021. Plaintiffs have made numerous unsuccessful attempts to obtain a resolution of the delay described in this Complaint. These attempts include status inquiries submitted to USCIS, congressional inquiries made on behalf of the Plaintiffs by their Congressperson to USCIS, and a request submitted to the Chicago Field Office to issue a decision.

9. As the inquiries demonstrate, USCIS' responses have been insufficient. Pursuant to case processing times reported by the agency itself, USCIS takes around 17 months to complete I-130 petitions at all USCIS service centers, including the Nebraska Service Center. The Plaintiffs' petition has been pending approximately for 46 months and is clearly outside the standard processing times.

10. Venue lies in the United States District Court for the Northern District of Illinois, under 28 U.S.C. §1391(e), which states, in pertinent part, that "a civil action in which a defendant is an officer . . . of the United States . . . acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may . . . be brought in any judicial district in which … [t]he plaintiff resides if no real property is at issue." *Id*. Venue is proper in this District because Plaintiffs reside in Chicago, Cook County, IL.

**LEGAL BASIS**

11. Under the Administrative Procedure Act ("APA"), within a reasonable time, each agency must "conclude a matter presented to it," 5 U.S.C. § 555(b), and "[t]he reviewing court shall compel agency action unlawfully withheld or unreasonably delayed," *id*. § 706(1).

12. The Mandamus Act also provides that this court has "original jurisdiction in the nature of mandamus to compel an officer of employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361.

13. Mandamus relief is granted "if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002).

14. As underlined by the statutes, a plaintiff who seeks to compel unreasonably delayed action under the Mandamus Act and the APA must make "essentially the same showing for both claims." *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008).

15. Courts have consistently held that the INA provides individuals with a right to have their immigration petitions adjudicated. *See Iddir*, 301 F.3d at 499 (stating that noncitizen plaintiffs "have a right to have their cases adjudicated").

16. Where individuals are given a right to apply for a benefit, they also have a right to receive a decision on their petition. *Iddir*, 301 F.3d at 500. The administrative authority delegated by Congress to USCIS has a non-discretionary and mandatory duty to adjudicate immigration petitions, regardless of the ultimate decision on a petition. *Ayyub v. Blakeway*, No. SA-10-CV-149-XR, 2010 WL 3221700, at *4 (W.D. Tex. Aug. 13, 2010) ("While the USCIS has discretion to either grant or deny an application, […] the plain language of the statute and regulations do not provide the agency with discretion to make a determination or not make a determination."); *see also Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999); *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 595 (W.D. Tex. 2019).

17. Congress has provided that processing petitions regarding immigration benefits, such as Form I-130, "should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

18. Even assuming arguendo that Congress does not impose such duty or set a time limit, the USCIS is still bound by the APA and must process the petition and reach a decision within a reasonable time. 5 U.S.C. § 555(b); *Xu v. Cissna*, 434 F. Supp. 3d 43, 52 (S.D.N.Y. 2020 (holding that the Plaintiff's right to adjudication within a reasonable time exists independently of the enabling statute); *Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 545 (E.D. Pa. 2003) (granting mandamus where government failed to perform ministerial duties as to an individual's derivative citizenship petition); *Villa v. U.S. Dept. of Homeland Sec.*, 607 F. Supp. 2d 359, 365 (N.D.N.Y. 2009) (finding mandatory duty to immigration applications in a reasonable amount of time). *See also Yu v. Brown*, 36 F. Supp. 2d at 930; *Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1997).

19. Therefore, USCIS has the discretion to deny or grant a benefit but does not have discretion to not adjudicate a petition, and an I-130 petition has a claim under both the APA and the Mandamus

4

Act should the applicant show that the agency action was unreasonably delayed. *Hadad*, No. 08–22608–CIV, at *2; *Iddir*, 301 F.3d at 500; *Patel*, 134 F.3d at 933; *Yu*, 36 F. Supp. 2d at 932.

## FACTUAL ALLEGATIONS

20. Plaintiff Saroj Kumar Khadka properly filed and submitted an I-130 petition for the benefit of his spouse, Plaintiff Santosi Mahat, to USCIS on September 3, 2021. This petition has been acknowledged and receipted with receipt number IOE0913333398. **Exh. A**.

21. On January 12, 2023, the Plaintiff's attorney submitted a status inquiry to USCIS indicating that the I-130 petition was outside processing times. Although USCIS acknowledged the inquiry and the case being outside of normal processing times, the agency did not provide an explanation or estimated completion date for the adjudication of Plaintiffs' pending case. **Exh. B.**

22. The Plaintiffs' congressperson, Janice Schakowsky, submitted four separate status inquiries to USCIS on behalf of the Plaintiffs indicating that the I-130 petition was outside normal processing times, responses to which were received on March 2, 2023, June 15, 2023, January 3, 2024, and May 19, 2025. In those responses, USCIS once again acknowledged these inquiries but did not provide an estimated completion date for the adjudication of Plaintiffs' pending case. **Exh. C-F.**

23. On September 18, 2024, Plaintiffs submitted a request for expedited processing to the USCIS Chicago Field Office noting the tremendous emotional and mental exhaustion the Plaintiffs have developed as a result of the extreme delays in their case. Plaintiffs have never received a response from USCIS in connection with this request. **Exh. G.**

24. Despite Plaintiffs' attempts, their I-130 petition remains pending with USCIS to this day. Defendants are unreasonably delaying the adjudication of the Plaintiffs' I-130 by failing to further adjudicate the petition.

25. Plaintiffs have a clear right to have their immigration petition adjudicated within a reasonable time. Even though Defendants have sufficient information and documents to process the Plaintiff's I-130 petition, they have failed to adjudicate Plaintiffs' case for further steps and deprived Plaintiffs of the rights to which they are entitled by law.

26. The adjudication of the Plaintiffs' I-130 is a non-discretionary act that USCIS must complete in a timely fashion. The Immigration Service and Infrastructure Improvements Act of 2000 clearly indicates that Congress unequivocally intended for immigration petitions to be completed within 180 days and not be delayed. In the present case, Plaintiffs' I-130 petition has been pending for more than 1300 days. The stark contrast between the Congressional intent and the time Defendants have been withholding the adjudication makes it clear that the delay is excessive and USCIS has failed its obligation to timely discharge its duties. *Telecommunications Research &*

*Action Ctr. v. F.C.C.*, 750 F.2d 70, 77-82 (D.C. Cir. 1984); *Potomac Electric Power Co. v. ICC ("PEPCO")*, 702 F.2d 1026, 1034 (D.C. Cir. 1983).

27. The agency's average adjudication period is also indicative of how lengthy the nature of the delay is in the Plaintiffs' case. Given that USCIS currently takes around 67 months to complete I-130 petitions according to USCIS' own data, the three-year delay in the Plaintiffs' case is excessive and unjustifiable *See Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008).

28. The Defendants' unreasonable delay and failure to adjudicate the Plaintiff's I-130 petition violated their rights and caused a significant hardship. By nature, human health and welfare is at its highest risk in the immigration context, and the indefinite and unreasonable administrative delays in adjudication jeopardize human welfare and significantly prejudice applicants. *Asmai v. Johnson*, 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016); *Kashkool v. Chertoff*, 553 F.Supp.2d 1131, 1145 (D.Ariz.2008). A delayed adjudication damages immigrant applicants' lives significantly as they cannot stabilize their lives with impediments to their employment and travel ability. *Hosseini v. Napolitano*, 12 F. Supp. 3d 1027, 1035 (E.D. Ky. 2014). This uncertainty has a substantial negative impact on their welfare and peace of mind. *Geneme v. Holder*, 935 F. Supp. 2d 184, 194 (D.D.C. 2013).

29. In the present case, Ms. Mahat's economic and emotional welfare is injured by the lack of finality in the I-130 petition filed for her benefit. The I-130 petition for Ms. Mahat's benefit is clearly approvable. Following the completion of her I-130 petition, Ms. Mahat intends to seek adjustment of status either before the Immigration Court or before USCIS in the event that her removal proceedings are terminated. However, USCIS' improper withholding of further action prevents Ms. Mahat from seeking permanent resident status and denies her a resolution of her court case.

30. The precarious status created by the unjustified and prolonged delay by USCIS further leaves Ms. Mahat and her spouse financially vulnerable. Plaintiffs spent significant monetary resources on attorney fees and in filing a Mandamus lawsuit to have their I-130 petition adjudicated.

31. Although USCIS has discretion under the law and must consider national security and safety, it is well-established that these principles can never outweigh a petitioner's interest in adjudication. *Asmai*, 182 F. Supp. 3d at 1096. A petitioner's economic and human welfare takes priority over these principles after a certain justified time has passed. *Id*.

32. No other adequate remedy is available to Plaintiffs, and they are prevented from further immigration benefits as they cannot cure their current situation. Plaintiffs continued to unsuccessfully seek resolution of the delay as their case remained unadjudicated. The Defendants' failure of their statutory duty to adjudicate the Plaintiffs' petition put the Plaintiffs' life on hold and slowed the process for Ms. Mahat to secure permanent residence. *Kashkool*, 553

F.Supp.2d at 1145. The Defendants' unreasonable and unjustified delay precludes Plaintiffs from the opportunity to enjoy their daily lives. *Id*.

33. It is imperative that Plaintiffs' immigration petition be adjudicated as soon as possible. Defendants failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Plaintiffs' I-130 petition, and the extreme delay in processing cannot be justified by their lack of resources. *Zhou v. F.B.I.*, No: 07-CV-238-PB, 2008 WL 2413896, at *7 (D.N.H. June 12, 2008); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 158 (D. Mass. 2007).

34. Defendants did not adequately respond to Plaintiffs' inquiries and attempts to compel the adjudication of their I-130. Plaintiffs' inquiries were provided with an insufficient response indicative of a lack of meaningful review and effort on the part of the Defendants.

35. Plaintiffs have been waiting patiently for more than three years and have no other adequate remedy for USCIS' failure to adjudicate their I-130 petition.

## CAUSES OF ACTION

### Count 1

### Violation of Administrative Procedures Act,

### 5 U.S.C. §555 *et seq*. and §701 *et seq*.

36. Plaintiffs incorporate paragraphs 1 through 34 as if fully stated in this Count.

37. Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint violate the Administrative Procedures Act, 5 U.S.C. §555(b), which requires federal agencies to conclude matters with reasonable promptness. It is the intent of Congress that the processing of an immigration application should be completed not later than 180 days after the initial filing of the application. Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action unlawfully withheld or unreasonably delayed. As a result of the Defendants' actions, Plaintiffs have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

### Count II

### Mandamus Act,

### 28 U.S.C. §1361

38. Plaintiffs incorporate paragraphs 1 through 34, as if fully stated in this Count.

39. Defendants have a duty to administer and enforce the Immigration and Nationality Act (INA). *See* INA §103; 8 U.S.C. §1103 (regarding *inter alia* the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, Defendants have the responsibility to adjudicate Plaintiffs' I-130 petition, but have failed to do so. *See Iddir*, 301 F.3d at 500; *Olayan*, No. 1:08–

cv–715–RLY–DML, at *4. This breach of the Defendants' duty is ongoing, despite all reasonable efforts by Plaintiffs to check the status of their case and cooperate with the agency in expediting and concluding this process. Moreover, this breach of the Defendants' duty has no foreseeable conclusion and could be prolonged for months or even years into the future. Plaintiffs therefore have no further remedy available to compel the Defendants to satisfy their statutory obligations but for this federal action. As a result, Plaintiffs have suffered irreparable money damages, attorneys' fees, and other harm, thereby entitling them to injunctive and other relief.

### Count III
### Violation of 8 C.F.R. §204.1

40. Plaintiffs incorporate paragraphs 1 through 34, as if fully stated in this Count.
41. By delaying the adjudication of Plaintiffs' immigration applications, Defendants violate 8 C.F.R. §204.1, which states, in part, that "[a] citizen or lawful permanent resident of the United States petitioning under section 204(a)(1)(A)(i) or 204(a)(1)(B)(i) of the Act for a qualifying relative's classification as an immediate relative under section 201(b) of the Act or as a preference immigrant under section 203(a) of the Act must file a Form I-130, Petition for Alien Relative."
42. Plaintiffs have demonstrated eligibility for eligibility for the immigration benefit they are seeking and provided all documents for adjudication in compliance with 8 C.F.R. §204.1. Nonetheless, their I-130 remains unadjudicated. As a result, Plaintiffs have suffered and will suffer irreparable harm, thereby entitling them to injunctive and other relief.

### Count IV
### Declaratory Judgment, 28 U.S.C. §2201

43. Plaintiffs incorporate paragraphs 1 through 34, as if fully stated in this Count.
44. The Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint are a violation of the INA, a breach of the Defendants' statutory duties, and unconstitutional, arbitrary and capricious. Plaintiffs seek a declaration to that effect pursuant to 28 U.S.C. §2201, and further declaring that Defendants are compelled to adjudicate Plaintiffs' I-130 in the next thirty (30) days.

### Count V
### Violation of the Fifth Amendment Due Process and Equal Protection Clauses

45. Plaintiffs incorporate paragraphs 1 through 34, as if fully stated in this Count.
46. The Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint violate the Plaintiffs' right to substantive and procedural due process and equal protection of law protected by the Fifth Amendment to the United States Constitution. Plaintiffs are protected by the Fifth Amendment and are guaranteed the enjoyment of due process and equal protection. Because of the delay by the Defendants in granting their immigration applications, Plaintiffs have suffered a violation of their due process rights and irreparable and other harm, thereby entitling them to injunctive and other relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that the Court issue a writ directing Defendants to do the following:

1. Order DHS to adjudicate Plaintiffs' I-130 petition;
2. Grant Plaintiffs their reasonable attorney fees and costs of this action;
3. Grant such further relief as is just and equitable.

    Respectfully submitted,

    YLLKA SESERI
    Attorney for Plaintiffs

By: /s/Yllka Seseri
YLLKA SESERI
Davidson & Seseri, LLC
10 S LaSalle Street, Suite 2300
Chicago, Illinois 60603
Telephone: (312) 561-6000